## EWART MANUF'G CO. v. MITCHELL.

(Circuit Court, E. D. Pennsylvania. January 2, 1897.)

### No. 46.

PATENTS—CONSTRUCTION AND INFRINGEMENT—CHAIN CABLES.

The Dodge patent, No. 264,139, for an improvement in cabin cables intended to operate with sprocket wheels, as driving chains, construed as covering a novel and useful invention, which should be protected to its full extent, as disclosed by a fair and unconstrained reading of the patent, and *held* infringed by a chain varying therefrom in matters of form and construction, but performing the same functions in substantially the same way.

This was a suit in equity by the Ewart Manufacturing Company against James H. Mitchell for alleged infringement of a patent for an improvement in chain cables.

Howson & Howson, for complainant.

Francis T. Chambers, Arthur M. Pierce, and Walter E. Rex, for defendant.

DALLAS, Circuit Judge. This is a suit upon patent No. 264,139, dated September 12, 1882, issued to James M. Dodge, for an improvement in chain cables, having, as the specification states, "for its main object to adapt this sort of cable to more successfully operate, in connection with sprocket wheels, as a drive chain, and for elevator and conveyor purposes." The employment of chain cables as drive chains, though in other respects advantageous, was subject to three objec-

tions, which Dodge proposed to, and did, overcome. The specification states and explains these objections, and the means which the patentee had invented to obviate them; and it describes the three beneficial functions of the bearing blocks which he designed for use in combination with the chain, as being (1) that they afford "proper bearing surfaces for the sprockets or other projections of the chain wheel to work against"; (2) that they afford "a pintle-like bearing surface about equal in diameter to the width or the opening or space between the side bars of a link for each link to articulate or turn on"; and (3) that by their use "the chain with its block is necessarily retained in a given and proper relationship with the peripheral devices of the wheel on which it is run." The applicant, desiring to secure any combination of a chain cable with these blocks by which either or any of these useful objects would be attained, presented three claims, which were allowed, as follows:

"(1) In a chain cable, the combination with the links of blocks interposed between the adjacent end portions of the links, the said blocks being adapted to afford bearing or working surfaces for the actions of the engaging devices of a chain wheel, substantially as set forth.

"(2) In combination with the links of a chain cable, blocks interposed between the adjacent ends of the links, and provided with grooves which afford pintle-like bearings for the said link ends, substantially as set forth.

"(3) In combination with two enchained links, a block having grooves arranged transversely to each other, and operating to prevent any twisting movement of said links relatively, substantially as set forth."

Respecting the question of infringement, which is the only one presented by the defense as urged upon the argument, the respective experts, of course, differ; but my own examination of the exhibits, in the light of all the testimony, leaves me in no doubt about it. The defendant insists that, in view of the prior art, the claims should be so narrowed by construction as not to cover his device; but I cannot assent to this. The evidence plainly shows that Dodge was the first person who ever devised any means whatever which successfully accomplished the object he had in view; and I cannot but regard him as a meritorious patentee, who, having made to the art a contribution of absolute novelty and much value, is entitled to protection to the full extent of his actual invention, as upon, at least, a fair and unconstrained reading of his patent, he appears to have conceived and claimed it.

The gist of the invention consists, of course, in the combination of the peculiar block of the patent (which in itself was new) with a chain cable, for the purposes and with the results stated; and the contention of the defendant that his chain is not a chain cable, and that his "crossbars" are not the complainant's blocks, is, in my opinion, clearly erroneous. His chain, though not wholly composed of the ordinary oblong links with rounded ends of the typical chain cable, embodies its characteristics in so far as is requisite for its use in the combination of the patent in suit. And his "crossbars," though structurally different, are, in principle, identical with the Dodge blocks. The differences consist in immaterial variations of form and construction merely. They perform precisely the same functions, and in substantially the same way. It may be conceded

that, in the chain of the defendant, an incidental useful capacity of the complainant's chain is relinquished, and also that some separate advantage is attained; but this is of no consequence, inasmuch as the Dodge invention, as covered by each and every of the claims of the patent in suit, has, nevertheless, been wrongfully appropriated. Decree for complainant.